IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREGORY PERKINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) C.A. No. 24-233 (MN) |
| BRIAN EMIG, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) ) ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 30th day of April 2024;

**I.    BACKGROUND**

Petitioner Gregory Perkins ("Petitioner") filed in this Court papers captioned for the Delaware Superior Court and a copy of a habeas petition captioned for the Delaware Superior Court: (1) complaining about a delay associated with scheduling his state criminal trial for rape, kidnapping, and terroristic threatening; (2) asserting his actual innocence of the aforementioned charges; and (3) asking for the appointment of new counsel in his state criminal proceeding. (D.I. 1). The Court liberally construed the papers and state habeas petition as requesting federal habeas relief pursuant to 28 U.S.C. § 2254 ("Construed Petition") and provided Petitioner with a form application for relief under 28 U.S.C. § 2254 so that he could clarify his allegations. (D.I. 3). Petitioner filed a completed form § 2254 application ("Amended Petition"), which asserts one claim of actual innocence due to a lack of DNA evidence. (D.I. 5). The Amended Petition also states that Petitioner has not yet been convicted of his state criminal charges and asks for the dismissal of all charges in his indictment. (D.I. 5 at 5-6, 12, 15).

## II.     GOVERNING LEGAL PRINCIPLES

A federal district court can only entertain a habeas petition on behalf of a person in custody pursuant to the judgment of a State court, and a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims.  28 U.S.C. § 2254(a) and (b)(1)(A); *see also* Rules 1- 2, 28 U.S.C. foll. § 2254.  A petitioner exhausts state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider the claims on the merits.  *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).  Although a state prisoner can challenge his pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. § 2241, a federal court cannot provide habeas review for pre-trial claims if the petitioner is trying to abort his state criminal proceeding, because such adjudication would constitute premature litigation of constitutional defenses in federal court.  *See* 28 U.S.C. § 2254(b); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975)*; Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973) (noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).  A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, 28 U.S.C. foll. § 2254.

## III.    DISCUSSION

The face of the Amended Petition reveals that Petitioner is not in custody pursuant to a state court judgment because he has not yet undergone his state criminal trial on the charges for which he was arrested.  It also appears that Petitioner has not exhausted state remedies for any

claims raised in the Construed Petition and the Amended Petition. (D.I. 5 at 6). And finally, to the extent Petitioner may be alleging a violation of his speedy trial rights, his request that the Court dismiss all charges in the indictment demonstrates that he is improperly attempting to abort a state criminal proceeding. Given all these circumstances, the Court concludes that summary dismissal of the instant case is appropriate.

IV.     **CONCLUSION**

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's Construed Petition and Amended Petition filed pursuant to 28 U.S.C. § 2254 (D.I. 1; D.I. 5) are **SUMMARILY DISMISSED without prejudice**.

2. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

3. The Clerk shall send a copy of this Memorandum and Order to Petitioner at his address on record and close this case.

/s/ Maryellen Noreika
The Honorable Maryellen Noreika
United States District Judge